**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

In re:

Natalia Olga Litbarg

Debtor.

Case No. 26-10030 MER

Chapter 13

**ORDER GRANTING THE CHAPTER 13 TRUSTEE'S MOTION TO DISMISS**

THIS MATTER comes before the Court on the Chapter 13 Trustee's ("**Trustee**") Motion to Dismiss for Failure to Make Plan Payments ("**Motion**"), and the Debtor's objection thereto.[1]

**BACKGROUND**

The Debtor filed the instant bankruptcy case under Chapter 13 of the Bankruptcy Code on January 5, 2026. The Debtor filed her Plan on January 21, 2026. Both the Trustee and the Debtor's mortgage creditor, Guild Mortgage Company, LLC ("**Guild**"), objected to the Plan. Under the Plan, the Debtor is required to make monthly payments of $418.33 to the Trustee.[2] On March 18, 2026, the Trustee filed the instant Motion asserting the Debtor's case should be dismissed because she failed to make any of the required Plan payments. The Debtor objected to the Motion because she had allegedly made payments to the Trustee. In particular, the Debtor asserts she paid the Trustee $308,000.00 via an International Bill of Exchange ("**Bill of Exchange**").[3] The Bill of Exchange lists Guild as the payee and the Debtor as the maker.

The Court held a preliminary hearing on confirmation of the Debtor's Plan on April 6, 2026. During the hearing, the Trustee requested the case be dismissed because the Debtor hadn't made any of the required Plan payments. The Trustee also asserted that the Bill of Exchange does not appear to be a valid form of tender and that it is unclear who the payor is. The Court reviewed the documents the Debtor submitted, and inquired as to whom the Trustee should call upon to receive payment. The Debtor refused to provide a direct answer, asserting that all relevant information regarding the Bill of Exchange is contained in the documents she has already filed. After the hearing, the Court gave the parties the opportunity to file supplemental briefings on whether the Bill of Exchange is a valid form of tender. Both the Debtor and the Trustee filed supplemental materials.[4] The Debtor also filed a motion requesting the Court continue

---

[1] ECF Nos. 31 & 32.

[2] ECF No. 11, § 4.1(B).

[3] ECF No. 23 at 4.

[4] ECF Nos. 43, 44, 45, 46, & 52.

the preliminary confirmation hearing to a different date so that the Court would have time to review all of the supplemental materials she submitted.[5]  The Court granted that motion and continued the preliminary confirmation hearing as the Debtor requested.

## ANALYSIS

Pursuant to 11 U.S.C. § 1307(c)(4), the Court may dismiss a case filed under Chapter 13 for cause, including the debtor's failure to commence making timely payments under § 1326.[6]  Under § 1326(a), the debtor shall commence making payments no later than 30 days after the plan is filed, or 30 days after the petition date, whichever is earlier.  The Trustee asserts the Debtor has not made any payments since she filed her case on January 5, 2026.[7]  The Debtor disagrees and asserts that she made a payment to the Trustee via the Bill of Exchange.  The Debtor made no assertions regarding any plan payments other than the payment made via the Bill of Exchange.  Therefore, the only issue in dispute is whether the Bill of Exchange is a valid form of tender such that the Trustee can accept it as payment towards the Plan.[8]

Several courts have determined that Bills of Exchange, such as the one tendered by the Debtor, do not constitute a valid form of payment.  In the case *In re Wright* ("**Wright**"), one of the debtor's creditors, Capital One, filed a motion for relief from the automatic stay as to the debtor's vehicle.[9]  The debtor objected to the motion, and argued cause did not exist to grant relief from stay because he had "provided value" to Capital One via an International Bill of Exchange.[10]  The court in *Wright* determined that

---

[5] ECF No. 47.

[6] Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code.

[7] The Debtor filed her case on January 5, 2026, and her Plan on January 21, 2026. Therefore, the Debtor was required to start making payments on or before February 4, 2026.

[8] The Court can adequately decide this issue without a further hearing.  While § 1307(c) states there must be notice and a hearing before a Chapter 13 case can be dismissed or converted, there is no requirement to hold an evidentiary hearing where there are no disputed issues of material fact, or when there is an adequate factual record before the court.  *See In re Khachikyan*, 335 B.R. 121, 126-27 (9th Cir. BAP) 2005 ("The trial of a contested matter under Rule 9014 . . . ordinarily requires trial testimony in open court . . . The advisory committee's note makes clear that this requirement is intended to require trial when there is a genuine factual dispute."); *In re Sterling*, 565 B.R. 258, 273 (S.D.N.Y. 2017), aff'd, 737 Fed. App'x 52 (2d Cir. 2018).  The issue here is legal, not factual.  The parties already presented their arguments concerning dismissal at the April 6, 2026, hearing and provided supplementary support.  Neither the Debtor nor the Trustee requested a hearing on the Motion to Dismiss.  Instead, the Debtor only requested the Court review all the pleadings she submitted prior to making a decision.  *See In re De Jounghe*, 334 B.R. 760, 766 (1st Cir. BAP 2005) (finding a full evidentiary hearing was not required where the debtor did not request one, and where the parties had a fair opportunity to offer relevant facts and arguments to the court and to confront their adversaries' submissions.).

[9] *In re Wright*, 657 B.R. 26, 29 (Bankr. D.S.C. 2024).

[10] *Id.*

the debtor had not actually provided any payment to Capital One.[11]  Instead, the court found the debtor's argument that the International Bill of Exchange constitutes a valid form of payment is "based on theories which have not been accepted by federal courts."[12]  The court in *Wright* also declined to accept these theories.[13]

In another case, *Bryant v. Washington Mutual Bank* ("**Bryant**"), the debtor attempted to pay off her mortgage using a document entitled "Bill of Exchange drawn on a Contract Trust Account, which is approved by and administered by or through the Analysis and Control Division of the IRS."[14]  While the court in *Bryant* found that Bills of Exchange are not necessarily illegitimate, the plaintiff had not alleged any facts from which the court could infer that her specific Bill of Exchange was legitimate.[15]  Indeed, the court in *Bryant* found the plaintiff's explanation of why her Bill of Exchange was legitimate, which was premised on sovereign citizen rhetoric, was nonsensical, and that the plaintiff did not tender payment, but instead gave her mortgage creditor a "worthless piece of paper."[16]  Other courts have made similar decisions in cases with similar facts.[17]

Like in *Wright* and *Bryant*, the Debtor has not provided any facts that would lead the Court to believe that the Bill of Exchange she tendered to the Trustee is a legitimate negotiable instrument.  Instead, the Debtor argues the cases cited above, as well as others cited by the Trustee, are not applicable to this situation because the Debtor's Bill of Exchange does not seek to draw funds from the United States Treasury nor any other government account.[18]  Further, the Debtor asserts that dismissal is improper because the Trustee  has not "acknowledged, evaluated, or analyzed" the Bill of Exchange.[19]  The Court finds this argument entirely unpersuasive.  The Trustee is clearly aware of and has acknowledged that the Debtor tendered the Bill of Exchange.  It appears the

---

[11] *Id.* at 33.

[12] *Id.*

[13] *Id.*

[14] *Bryant v. Washington Mut. Bank*, 524 F.Supp.2d 753, 755-56 (W.D.Va. 2007).

[15] *Id.* at 758. The court in *Bryant* found that Bills of Exchange aren't necessarily illegitimate because they were commonly used in the nineteenth and early twentieth centuries. In the present day, Bills of Exchange are commonly used in connection with international transactions.

[16] *Id.* at 760.

[17] *U.S. Bank, N.A. v. Phillips*, 366 Ill.App.3d 593 (Ill. App. 2006) (finding that Bill of Exchange tendered by defendant to his mortgage creditor was neither a negotiable instrument nor a check, but instead was "a piece of paper that was entirely lacking in value." Therefore, plaintiff was not relieved of his obligations to mortgage creditor.); *McElroy v. Chase Manhattan Mortgage Corp.*, 134 Cal.App.4th 388 (Cal. App. 2005) (finding the trial court did not error in sustaining creditors' demurrers because the Bill of Exchange tendered to creditors was worthless.).

[18] ECF No. 44, ¶14; ECF No. 45, ¶¶ 6-8.

[19] ECF No. 52, ¶ 8.

3

Trustee has evaluated the Bill of Exchange to the best of his ability by researching whether such instrument constitutes a valid form of payment. To the extent the Debtor wants the Trustee to "evaluate" the Bill of Exchange by drawing funds from it, the Debtor has made such task nearly impossible. Indeed, the Debtor still has not revealed the source of the funds or to whom the Trustee and/or Guild would call upon to receive them.[20] The Bill of Exchange doesn't provide any clarification on this point. Rather, the Bill of Exchange does not list a payor, and only states that the Debtor authorizes "The Campus" to process the funds via Fedwire. The Debtor has not alleged any facts nor provided evidence that would lead the Court to conclude that "The Campus" is a legitimate entity from which the Trustee could receive payment. Indeed, the only evidence of any funding source the Debtor has provided thus far is an Affidavit of Daniella Svoren ("**Svoren**").[21] Svoren purports to be the trustee of the Fishell Svoren Family Trust ("**Trust**"), and a family member of the Debtor. Per the Affidavit, Svoren asserts that the Trust may provide financial assistance to the Debtor for plan payments and living expenses.[22] Notably, Svoren does not assert that either she or the Trust is paying the $308,000.00 referenced in the Bill of Exchange, nor did the Debtor assert that the Trust is the party the Trustee should call upon to receive the funds.

Given the applicable case law and the Debtor's failure to provide evidence that her Bill of Exchange is legitimate, the Court concludes that the Bill of Exchange is not a valid form of payment. Because the Bill of Exchange is not a valid form of payment, the Debtor has not made the payments required under the Plan in compliance with § 1326(a). Therefore,

THE COURT ORDERS the Motion is GRANTED. The Debtor's case is dismissed, without prejudice, pursuant to 11 U.S.C. § 1307(c)(4).

THE COURT FURTHER ORDERS:

1.     In accordance with 11 U.S.C. §§ 349(b)(1) and (2), any transfer avoided under section 522, 544, 545, 547, 548, 549 or 724(a) of Title 11, or preserved under section 510(c)(2), 522(i)(2) or 551 of Title 11 is reinstated; any lien voided under section 506(d) of Title 11 is reinstated; and any order, judgment or transfer ordered under section 522(i)(1), 542, 550 or 553 of Title 11 is vacated.

2.     All property of the estate, except payments made by the Debtor(s) to the Trustee, shall revest in the Debtor(s) as of the date of this Order pursuant to 11 U.S.C. § 349.

---

[20] Even if the Bill of Exchange were a valid form of payment, the Trustee would not be able to draw funds from it because Guild is listed as the payee, not the Trustee.

[21] ECF No. 32, Ex. A. Svoren filed a bankruptcy case in this Court on September 16, 2025, under Chapter 7 of the Bankruptcy Code, Case No. 25-15939-MER. Svoren received a discharge on January 28, 2026, and her case was closed on March 4, 2026.

[22] ECF No. 32, Ex. A, ¶ 3.

3.      Payments made by the Debtor(s) shall be retained by the Trustee pending payment of claims allowed under section 503(b) pursuant to 11 U.S.C. § 1326(a)(2).

a.      Any request for allowance of a section 503(b) claim shall conform with 11 U.S.C. § 503 and Fed.R.Bankr.P. Rules 9013, 9014 and 2002, and be filed no later than 28 days of the date of this order.

b.      Within 30 days after determination of the last request, if any, for allowance of section 503(b) claims, the Trustee shall pay all fees imposed by statute and all allowed section 503(b) claims from the Debtor(s') payments and return any surplus to the Debtor(s).

Dated April 30, 2026                    BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court